**Opinion issued February 12, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-01028-CV

_____

## IN RE TEXAS CONSTRUCTION SPECIALISTS, L.L.C., Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, Texas Construction Specialists, L.L.C., has filed a petition for a writ

of mandamus challenging "[t]he trial court's refus[al] to hear or rule upon Relator's

motions for continuance" of a November 26, 2018 trial setting.[1] With its petition,

---

[1] The underlying case is *Texas Construction Specialists, L.L.C. v. Supreme Dump Trucks and Trailers of Houston, L.L.C.*, cause number 16-CV-1259, in the 405th District Court of Galveston County, Texas. The petition names the Honorable Michelle Slaughter as respondent in this original proceeding. *See* TEX. R. APP. P. 52.2. Judge Slaughter has ceased to be the presiding judge of the 405th District

relator moved for a stay of the trial court proceedings. On November 19, 2018, we granted relator's motion and stayed the underlying trial court proceedings. On January 15, 2019, we vacated that order.

Also, on January 15, 2019, the Clerk of this Court notified the parties that, because the trial setting had effectively been continued and the proceeding appeared moot, the Court may dismiss the petition unless the parties filed a response demonstrating that the Court has jurisdiction over the proceeding. *Cf.* TEX. R. APP. P. 42.3. No party has responded. Further, we conclude that any challenge to the trial court's refusal to consider relator's motions for a continuance of the November 26, 2018 trial setting has become moot. *See In re Kellogg Brown & Root*, *Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings . . . ."); *In re S. Nurseries, Inc.*, No. 13-09-00661-CV, 2009 WL 4893195, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 17, 2009, orig. proceeding) (mem. op.). (dismissing as moot mandamus petition challenging trial court's refusal to abate trial after trial court granted continuance).

---

Court. Because relator's petition has become moot, in the interest of judicial economy and for good cause, we suspend the application of Texas Rule of Appellate Procedure 7.2(b) to the extent abatement of this case may be mandatory. *See* TEX. R. APP. P. 2, 7.2(b).

Accordingly, we dismiss the petition for writ of mandamus as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.